United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40248
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEWAYNE KARL PIPKINS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(6:00-CR-4-2)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Dewayne Karl Pipkins, federal prisoner #08515-078, appeals the district court's denial of his FED. R. CRIM. P. 41 motion for return of property. Pipkins seeks the return of $30,000 that was allegedly seized by Special Agent Garrett Floyd of the Federal Bureau of Investigation ("FBI") from a Hibernia Bank safety deposit box in Lindale, Texas.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court denied Pipkins's FED. R. CRIM. P. 41(g) motion[1], but the criminal proceeding against him had already concluded when he brought this action. We therefore treat his FED. R. CRIM. P. 41(g) motion as a civil action under 28 U.S.C. § 1331, seeking the return of property, and treat the district court's denial of that motion as a grant of summary judgment in favor of the government. See Clymore v. United States, 217 F.3d 370, 373 (5th Cir. 2000). We review the grant of summary judgment de novo. Horton v. City of Houston, 179 F.3d 188, 191 (5th Cir. 1999).

Any error by the district court in not notifying Pipkins that the government's response to his FED. R. CRIM. P. 41(g) motion would be treated as a summary judgment motion was harmless. See FED. R. CIV. P. 56(c); Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 28 F.3d 1388, 1398 (5th Cir. 1994). Although Pipkins asserts that the district court abused its discretion in not holding an evidentiary hearing, his only reference to evidence that should have been considered by the district court is to the affidavits of Tylsha Brown and the "bank president" for Hibernia Bank. Even if those affidavits would have somehow supported his allegation that Agent Floyd illegally seized the money from the safety deposit box, they would not have refuted the evidence presented by the government that it did not possess

---

[1] Although Pipkins indicated that his motion was filed pursuant to subsection (e) of Rule 41, that provision was relettered as subsection (g) in December 2002. See FED. R. CRIM. P. 41, Advisory Committee Notes to 2002 Amendments.

the $30,000.  Accordingly, there was no genuine issue of material fact with respect to Pipkins's suit for the return of property from the government.  <u>See</u> <u>Leatherman</u>, 28 F.3d at 1398.  Without expressing an opinion on the viability of an action by Pipkins for monetary damages, we note that our affirmance in this case does not, by itself, preclude such an action.

The district court's grant of summary judgment in favor of the government is

AFFIRMED.